KARL L. SICKENBERGER

*v.*

STATE OF ILLINOIS.

*Opinion filed May 22, 1923.*

MILITARY SERVICE—*when claimant entitled to award, although injuries not sustained while in discharge of duty.* Claimant, a member of Illinois National Guard, while examining a shell to see if it was loaded was severely and permanently injured by an explosion of the shell. *Held,* although claimant was not acting in the discharge of his duty he was trying to protect his comrades from severe accident, and is entitled to an award.

Edward J. Brundage, Attorney General, for State.

This is a claim filed on account of injury sustained by claimant, twenty-one years of age, who was a member of Illinois National Guard, and was duly warranted as sargeant, and is still a member of said battery, now holding rank of staff sargeant; that on August 6, 1922, the claimant while on duty with his battery at Camp Custer in company with other soldiers, a certain shell was being passed around for examination, this claimant being desirous of determining whether it was loaded or not, asked for and received the shell into his hand. Seeing that the plug was still in the end, and thinking it was loaded and dangerous, this claimant dropped the shell, but in a few seconds attempted to pick it up in order to get rid of it, when it exploded just as his hand was about to close upon it; that the explosion tore from the claimant's right hand his thumb, the index and second fingers. The claimant was given medical attention, and according to the findings that the injury according to this claimant was sustained while in line of duty. It appears to the Court that the claimant was a soldier prior to his enlistment in the militia, becoming a private in the Sixth Service Company, Signal Corps, and that he was by trade a telephone maintenance worker. It further appears to the Court that the claimant while not alone acting in the discharge of his duty as a soldier, was trying to protect his comrades from serious accident, and it further appearing that he is maimed for life, greatly handicapping his career. The facts are without dispute, the defendant admitting the allegations of the claimant.

It is therefore considered by the Court that the claimant be allowed the sum of $4,500.00.